IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARIEL MONROE,

           Plaintiff,

      v.                          CIVIL ACTION FILE NO.

CITY OF FOREST PARK, GEORGIA,    1:15-cv-01165-WSD-CMS

           Defendant.

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion to Partially Dismiss Plaintiff's Complaint (Doc. 4).

## PROCEDURAL BACKGROUND

Plaintiff Ariel Monroe ("Plaintiff") was employed as a police officer for the City of Forest Park, Georgia ("Defendant") from July 11, 2012 until she was terminated in February 2013.  (Doc. 5, Am. Compl., ¶¶ 8, 27).

On April 14, 2015, Plaintiff filed her original complaint in this court against the Defendant, alleging that the Defendant discriminated against her on the basis of a disability, in violation of the Rehabilitation Act, 29 U.S.C. § 794, and Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq*., as amended ("ADA").
 (Doc. 1, Compl.).

On June 12, 2015, Defendant filed its answer (Doc. 3) and the instant motion to partially dismiss Plaintiff's complaint -- specifically, Plaintiff's Rehabilitation Act claims and failure-to-accommodate claims under the ADA (Doc. 4).

On June 24, 2015, Plaintiff filed a response in opposition to the motion to partially dismiss her complaint (Doc. 6), and an amended complaint that dropped the Rehabilitation Act and ADA failure-to-accommodate claims against the Defendant (Doc. 5, Am. Compl). Defendant's Motion to Partially Dismiss Plaintiff's [original] Complaint (Doc. 4) is before this Court for consideration.

## DISCUSSION

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party may amend its pleading as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Defendant filed both an answer and a Rule 12(b)(6) motion to dismiss on June 12, 2015. (Docs. 3, 4). Accordingly, Plaintiff was entitled as a matter of course to file an amended complaint (Doc. 5, Am. Compl.) on June 24, 2015. Plaintiff's Amended Complaint omits the Rehabilitation Act claim that was included in Plaintiff's original complaint, and the parties have also stipulated that the

2

Amended Complaint "does not assert any claim or cause of action for failure to accommodate a perceived disability" under the ADA. (Doc. 5; Doc. 7, Stipulation).

As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation marks omitted); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). "That means that specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." Gross v. White, 340 F. App'x 527, 534 (11th Cir. 2009).

Here, Defendant's Motion to Partially Dismiss Plaintiff's [original] Complaint (Doc. 4) has been rendered moot by the filing of Plaintiff's Amended Complaint. See Cordell v. Pacific Indem., No. 4:05-CV-167-RLV, 2006 WL 1935644, at *4 (N.D. Ga. July 11, 2006) (dismissing as moot defendants' motion for partial summary judgment which was filed prior to the filing of plaintiff's second amended complaint). Accordingly, I **RECOMMEND** that Defendant's Motion to Partially Dismiss Plaintiff's Complaint (Doc. 4) be **DENIED AS MOOT** because it is directed to the

3

original complaint which no longer is the operative pleading before the Court.  See

Bradley v. DeKalb County, Ga., No. 1:10-CV-0218-TWT-GGB, 2010 WL 4639240,

at *2 (N.D. Ga. May 17, 2010), adopted by 2010 WL 4638887, at *1 (N.D. Ga. Nov.

4, 2010); see also ATK Thiokol, Inc. v. United States, 76 Fed. Cl. 654, 664 (2007)

(denying as moot the government's motion to dismiss plaintiff's first amended

complaint upon granting motion for leave to file second amended complaint).

## **CONCLUSION**

For the reasons stated, I **RECOMMEND** that Defendant's Motion to Partially

Dismiss Plaintiff's Complaint (Doc. 4) be **DENIED AS MOOT**.

**IT IS SO RECOMMENDED**, this 30th day of October, 2015.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)